COMMONWEALTH *vs.* BENEFICIAL FINANCE COMPANY & others.[1]

Suffolk. January 29, 1969. — February 7, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Practice, Criminal,* Exceptions: misdemeanor case; Appeal.

Where by court order a defendant charged only with a misdemeanor is tried with another defendant or other defendants charged separately with a felony, and the trial is made subject to G. L. c. 278, §§ 33A–33G, the defendant charged only with a misdemeanor may seek review by this court either by appeal under §§ 33A–33G or by bill of exceptions under c. 278, § 31.

INDICTMENT found and returned in the Superior Court on May 8, 1964.

The case was reported by *Quirico,* J.

The case was submitted on briefs.

*Herbert F. Travers, Jr.,* Assistant Attorney General, for the Commonwealth.

*Thomas E. Dwyer* for Household Finance Corporation; *Walter J. Hurley* for Nathaniel W. Barber; *Francis J. DiMento* for James S. Pratt; *George J. Leary* for Beneficial Finance Company; *William C. Madden* for Francis T. Glynn; *Edgar L. Kelley* for John M. Farrell; *Paul J. Redmond* for Edward R. Newhall; and *Lawrence R. Cohen* for Local Finance Corporation.

CUTTER, J. By Suffolk Superior Court indictment no. 11908 (1964) these defendants and others were charged with a misdemeanor (conspiracy) in that they "conspired together and with other persons . . . named . . . as coconspirators but not as defendants . . . corruptly to give . . . jointly and severally, to" Martin J. Hanley, the su-

---

[1] Household Finance Corporation, Local Finance Corporation, Edward R. Newhall, John M. Farrell, Francis T. Glynn, James S. Pratt, and Nathaniel W. Barber.

pervisor of loan agencies and a deputy commissioner in the division of banks and loan agencies in the Department of Banking and Insurance, "gifts and gratuities with intent to influence his [official] act, vote, and opinion." On September 16, 1965, the trial judge ordered that all proceedings and the trial be subject to G. L. c. 278, §§ 33A–33G. On May 17, 1967, he ordered the indictment tried with twenty other indictments, each of which charged a felony, viz. requesting and accepting, or offering and giving, a bribe. On July 17, 1967, a further order made the trial subject to §§ 33A–33G. One defendant charged in one of the felony indictments was also named as a defendant in indictment no. 11908.

On June 10, 1968, verdicts of guilty on indictment no. 11908 were returned against Beneficial Finance Company and the other defendants already listed (see fn. 1). Among them was the defendant also charged in a felony indictment, on which a verdict for that defendant was ordered.[2]

The trial judge, at the request of the defendants, has now reported to us (G. L. c. 278, § 30) a question concerning the method by which the defendants may obtain review of the Superior Court judgments, viz. "[w]here [by court order] defendants charged only with misdemeanors are . . . tried [under c. 278, §§ 33A–33G] with other defendants who are charged in different indictments with felonies . . . are the defendants [convicted only of a misdemeanor] required or permitted to proceed by way of bills of exceptions in seeking review of their convictions by" this court? The issue presented arises under G. L. c. 278, §§ 31, 33A and 33B, certain parts of which are set out in the margin.[3]

---

[2] Fines were imposed on the corporate defendants and sentences to the house of correction were imposed on the individual defendants. The sentences have been stayed pending appeal.

[3] The relevant provisions (emphasis supplied) are the following: *Section 31* (as amended through St. 1953, c. 384) reads in part: "Exceptions may be alleged by a defendant in a criminal case who is aggrieved . . . provided, that exceptions alleged in any proceedings or trial upon an indictment for murder or manslaughter, or upon an indictment or complaint *for any other felony by order of the justice of the superior court presiding at such proceedings or trial made subject to sections thirty-three A to thirty-three G, inclusive,* shall be governed by said sections . . . and no bill of exceptions shall be entered or

The method of review of criminal cases by appeal rather than by bill of exceptions was initiated with respect to homicide cases by St. 1925, c. 279, and rapidly extended to other felonies by St. 1926, c. 329. See 6 Mass. L. Q. (No. 2) pp. 68–70; 2d Report of Judicial Council (1926), Pub. Doc. No. 144, p. 81, reprinted in 12 Mass. L. Q. (No. 2). In 1954 and 1955 (see St. 1954, c. 187, and St. 1955, c. 352) §§ 33A and 33B were also made applicable, upon terms stated by the Legislature, to certain misdemeanors when tried with felonies. See 39 Mass. L. Q. (No. 2) 12; 30th Report of the Judicial Council (1954), Pub. Doc. No. 144, p. 7, 40 Mass. L. Q. (No. 1); 31st Report of the Judicial Council (1955), Pub. Doc. No. 144, p. 5, 40 Mass. L. Q. (No. 4). The legislative history affords little help in clarifying ambiguities in the statute as it presently reads.

Section 33A (see fn. 3), in our opinion, is the controlling section. It provides for the taking of evidence by a stenographer in a trial "for *any* misdemeanor tried with a felony" (emphasis supplied). It also provides that by order of court in any trial "upon an indictment . . . for any other felony [than murder or manslaughter], and a misdemeanor tried with such felony made subject to" §§ 33A–33G, the evidence shall be transcribed. The language is general. It is not in terms restricted to a case in which the same defendant is tried at a single trial for both a felony and a misdemeanor.

considered in the supreme judicial court in any such proceedings or trial. . . ." *Section 33A* (as amended through St. 1955, c. 352, § 1) reads in part: "In any proceedings or trials upon an indictment or complaint *for any felony and for any misdemeanor tried with a felony* the evidence shall be taken by an official stenographer or by a stenographer appointed by the court. In any proceedings or trial upon an indictment for murder or manslaughter or, by order of the court, upon an indictment or complaint for any other felony, and a misdemeanor tried with such felony made subject to this and the six following sections, the evidence taken as above provided shall be transcribed in such number of copies as the court may direct. . . ." *Section 33B* (as amended through St. 1955, c. 352, § 1) reads in part: "*A defendant* in a case of murder or manslaughter, *or of another felony and a misdemeanor tried with it* and made subject to sections thirty-three A to thirty-three G, inclusive, by order of court . . . *aggrieved* by an opinion, ruling, direction or judgment of the superior court, rendered upon any question of law arising out of such case or upon a motion for a new trial, but not upon a plea in abatement, who desires to appeal therefrom and whose exceptions . . . have been seasonably saved, shall, within twenty days after verdict, file a claim of appeal . . . with the clerk . . . ."

Also, it would defeat the convenient and efficient administration of justice to read the language narrowly. Duplication of effort would be caused by requiring conviction of defendant A for felony to be dealt with under different provisions from those applicable to the conviction of defendant B tried under §§ 33A–33G in the same proceeding only for a misdemeanor.

The same considerations apply in interpreting § 33B (see fn. 3). The words "A defendant" in § 33B perhaps could be read as meaning that the section applied only to defendant A tried under §§ 33A–33G for "another felony [than murder or manslaughter] and [also for] a misdemeanor tried with it," and not to defendant B, tried (in the same proceeding with defendant A) but only for a misdemeanor. We, however, must give weight to the context of § 33B and to the purposes of §§ 33A and 33B (as last amended together in 1954 and 1955) to assist the efficient and speedy prosecution of criminal appeals.[4] It is much more likely that the Legislature intended to deal with all felonies and misdemeanors tried together under §§ 33A–33G in the same way and to permit an appeal under those sections by any defendant tried in such proceedings, whether that defendant was (a) tried only for a felony or only for a misdemeanor, or (b) tried for both a felony and a misdemeanor.

It remains for us to consider § 31 (see fn. 3). This section was last amended by St. 1953, c. 384, and was not amended, as were §§ 33A and 33B, by St. 1954, c. 187, and St. 1955, c. 352, when those sections were made applicable to misdemeanors tried with felonies. Section 31 makes appeal under §§ 33A–33G the method of review for felonies subjected to those sections by court order and in murder and manslaughter cases. The section expressly forbids a bill

---

[4] This consideration is plainly of special importance in any case comparable to this one, where examination of the Superior Court docket and records reveals (a) that the trial took place before a Superior Court judge and a jury, between July 24, 1967, and June 10, 1968, when the verdicts were returned, and (b) where, in addition to 238 exhibits, the typewritten transcript consists of 11,885 pages. The legislative history already cited indicates that the Legislature intended that §§ 33A–33G should assist in expediting and simplifying appeals in all cases subject to those sections.

of exceptions as a method of review of any felony tried under §§ 33A–33G. There is no similar provision forbidding a bill of exceptions with respect to review of a misdemeanor tried under §§ 33A–33G. In 1953, when § 31 was last amended, there was no occasion for such a prohibition because misdemeanors then could not be tried under §§ 33A and 33B which read in 1953 as they appeared in the Tercentenary Edition of the General Laws. They were applicable to felonies only.

We hold that a misdemeanor, even if tried with a felony under §§ 33A–33G, still may be reviewed by bill of exceptions and that it also may be reviewed by appeal under §§ 33A–33G.[5] This latter method of review was employed in *Commonwealth* v. *Douglas,* 354 Mass. 212, 214, although the method of review used was not argued or discussed in the opinion.

The question put to us is answered as follows: Where by court order a defendant charged only with a misdemeanor is tried with another defendant or other defendants charged separately with a felony, and the trial is made subject to G. L. c. 278, §§ 33A–33G, the defendant charged only with a misdemeanor may seek review in this court either by appeal under §§ 33A–33G or by bill of exceptions under c. 278, § 31, each as amended.

*So ordered.*

---

[5] The failure to amend § 31 in 1954 and 1955 may have been an inadvertence. On the other hand, the result which we reach may have been intended in 1954 and 1955, when §§ 33A and 33B were extended to apply to misdemeanors tried with felonies. The issues of law presented in connection with convictions for such misdemeanors might be simple and readily susceptible of prompt and relatively inexpensive review by bill of exceptions, whereas review of the issues in the felony convictions might be much more complicated or, indeed, rendered unnecessary by reason of acquittals of the defendants charged with felonies.