STATE OF HAWAII, Plaintiff-Appellee, *v.* ROBERT JAMES PENCE, Defendant-Appellant

No. 5043

September 27, 1971

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY MARUMOTO, J.

Defendant was convicted, after a jury trial in the third circuit court, of violation of HRS § 724-6(1), for intentionally inflicting grievous bodily harm upon another, and was sentenced to imprisonment for not more than five years, the sentence to be served consecutively with any sentence which he might then be serving. At the trial, he was defended by appointed counsel, who did not continue to serve as counsel on appeal.

Notice of appeal was filed on defendant's behalf by the clerk of court, pursuant to H.R.Cr.P. Rule 37(d). In connection with the appeal, defendant having requested assistance of counsel, the court appointed the deputy public defender as counsel on appeal. The word counsel will hereafter be used to refer to the counsel so appointed.

Upon his appointment, counsel moved for leave to take defendant's appeal in forma pauperis and for full transcript of the trial proceedings. In connection with the request for full transcript, counsel alleged that such transcript was necessary for the fulfillment of his duties in accordance with constitutional requirements.

After a hearing at which counsel made certain representations mentioned and discussed below, the court entered an order denying leave to appeal in forma pauperis but authorizing the preparation of a transcript of the proceedings relating to the voir dire examination of the admissibility of defendant's statement to the police.

Counsel filed a notice of appeal from the order. That is the appeal which requires our consideration at this time,

not the original appeal from the conviction.

The court denied leave to appeal in forma pauperis upon a certification that the appeal was frivolous and not taken in good faith. The certification was made pursuant to HRS § 705-5, which corresponds to 28 U.S.C. § 1915(a) and provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is frivolous or not taken in good faith."

A circuit court order denying a motion for leave to appeal in forma pauperis upon such certification is reviewable by this court. *Re Edward J. Carvelo*, 44 Haw. 31 (1959). For the purpose of such review, a defendant is entitled to "a record of sufficient completeness to enable him to attempt to make a showing" that the court's certification is in error. *Coppedge v. United States*, 369 U.S. 438, 446 (1962).

On the appeal under consideration, we are confronted with the question as to whether the partial transcript authorized by the court meets the *Coppedge* test of a record of sufficient completeess.

We hold that it does not, in the circumstance of this case where counsel did not try the case, has no personal knowledge of the events which transpired at the trial, and cannot ascertain whether there was any error in the proceedings below without a careful study of the full transcript.

This court set forth the procedure on an application for leave to appeal in forma pauperis, as follows in *Carvelo, supra* at 43: "The application shall contain a statement of petitioner's desire to appeal *in forma pauperis* and such other matters as counsel deems pertinent, including a list of actions of the circuit court to which exceptions were taken and allowed and which counsel considers erroneous. If the defendant requests the inclusion of other actions of the court to which exceptions were taken and allowed, counsel shall comply with such request."

Counsel did not follow that procedure. He could not have done so without a full transcript. The procedure quoted

above is predicated on the application being prepared by a counsel who tried the case.

It appears from the court's statement in the order appealed from that the authorization of a partial transcript was based upon counsel's representation at the hearing of the motion that the appeal was based upon error in the admission into evidence of State's Exhibit 8, being defendant's written statement to the police.

Counsel does not deny that he made such representation. We assume that he did. However, defendant may not be bound thereby. Defendant was not present in court when counsel made the representation. The record does not show that counsel conferred with defendant before making the representation. According to the record, counsel knew that defendant wanted to appeal "on the judgment of finding him guilty." That being the case, counsel was not warranted in narrowing the scope of the appeal without defendant's authorization.

On the question which confronts us, *Hardy v. United States*, 375 U.S. 277 (1964), is in point. In that case, the court stated at page 279:

"A court-appointed counsel who represents the indigent on appeal gets at public expense, as a minimum, the transcript which is relevant to the points of error assigned. * * * But when, as here, new counsel represents the indigent on appeal, how can he faithfully discharge the obligation which the court has placed on him unless he can read the entire transcript? His duty may possibly not be discharged if he is allowed less than that. For Rule 52(b) of the Federal Rules of Criminal Procedure provides: 'Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.' The right to notice 'plain errors or defects' is illusory if no transcript is available at least to one whose lawyer on appeal enters the case after the trial is ended."

It may be stated that H.R.Cr.P. Rule 52(b) is identical

with the Federal rule, and that decisions of this court have recognized the right to notice plain errors not brought to the attention of the court. *State v. Ruiz,* 49 Haw. 504, 421 P.2d 305 (1966); *State v. Yoshino,* 50 Haw. 287, 439 P.2d 666 (1968).

Reversed and remanded with direction to authorize the preparation of full transcript.

*Steven K. Christensen,* Deputy Public Defender, and *Brook Hart,* Public Defender, for defendant-appellant.

*Herbert I. Kushi,* Deputy Prosecuting Attorney, County of Hawaii, for plaintiff-appellee.