STATE OF HAWAII, Plaintiff-Appellee, *v.* STEVEN M. HAYASHIDA, Defendant-Appellant, JAMES POKINI, also known as James K. Pokini, et al., Defendants.

NO. 5465

MAY 3, 1974

RICHARDSON, C.J., LEVINSON, KOBAYASHI, OGATA and MENOR, JJ.

OPINION OF THE COURT BY LEVINSON, J.

The defendant was convicted in circuit court of robbery in the first degree. He filed notice of appeal from the trial court's judgment of conviction and sentence entered pursuant to it. In addition, he moved the trial court for leave to appeal *in forma pauperis* and for the provision of transcripts at state expense. The trial court granted both motions except that part of the defendant's motion for transcripts which sought production of the defendant's post-trial sentencing hearing. In an order filed April 13, 1973, the trial court wrote, in part:

> Defendant-Appellant's motion for transcripts of the hearings concerning his sentencing is denied for the reason that the Court finds frivolous any claims by the Defendant-Appellant concerning alleged errors which occurred during said sentencing hearings.

The present appeal is from this portion of the trial court's order.

We have jurisdiction under Rule 37 of the Hawaii Rules of Criminal Procedure and HRS § 602-5 (Supp. 1973) to entertain an appeal from a circuit court order denying, in whole or in part, a criminal defendant's motion for leave to appeal *in forma pauperis*. *State v. Pence,* 53 Haw. 157, 488 P.2d 1177 (1971); *In re Carvelo,* 44 Haw. 31, 352 P.2d 616 (1959). We note that the defendant's court-appointed counsel has paid the cost of transcribing the sentencing proceeding, $25, out of his own pocket. While the defendant thus has an adequate vehicle now upon which to base his appeal from the conviction, judgment and sentence, the present appeal is saved from mootness by two issues: (1) whether the state is required to reimburse counsel for the cost of the transcript, and (2) whether the trial court's adjudication that the defendant's appeal on the merits of his sentencing is "frivolous" should be allowed to stand.

HRS § 705-5, renumbered by the Hawaii Penal Code to HRS § 721-5, allows a trial court to reject a request for leave to appeal *in forma pauperis* "if the trial court certifies in writing that [the appeal] is frivolous or not taken in good faith." In cases where counsel requires an opportunity to review the

transcript in order to determine whether any appealable error was committed at trial, this court has held that the defendant is entitled to the full transcript at state expense. *State v. Pence, supra.* The United States Supreme Court has lent a similar construction to the comparable federal *in forma pauperis* statute, 28 U.S.C. § 1915 (1970). *Coppedge v. United States,* 369 U.S. 438 (1962).

In this case, on the other hand, the question is not whether counsel for the defendant needed a transcript of the sentencing hearing to *discover* the existence of reversible error, but whether a particular alleged error, the precise record of which the defendant sought, is so "frivolous" as to be unworthy of argument before this court. The alleged error of which the defendant complains was the trial court's avowed position that any leniency it might dispense in sentencing the defendant would depend on the defendant's admitting his guilt and foregoing appeal from his conviction. The trial court's manifest insistence on these expressions of contrition as the *quid pro quo* of a reduced sentence, the defendant argues, constituted an impermissible infringement of his statutory right to appeal and his privilege against self-incrimination guaranteed by the federal and state constitutions.[1]

On the question of whether a particular point on appeal is "frivolous" within the meaning of HRS § 721-5, we agree with the Court in *Coppedge v. United States, supra* at 441, construing the corresponding federal statute, 28 U.S.C. §1915 (1970), that "no single word or group of words can provide a precise formula that will dispose of every case." It is clear, however, that the burden of showing frivolity is on the State, for a direct consequent of a holding of frivolity may be to foreclose the

---

[1] U.S. CONST. amends. V & XIV; HAWAII CONST. art. I, §8. According to the defendant, he had a right to remain silent at the sentencing hearing because any admission of guilt made there might later be used against him on retrial of the case, should his conviction be reversed by this court. In addition, he argues, an admission of guilt to the trial court at sentencing might have formed the basis for a subsequent perjury charge against him, since he testified at trial that he was innocent. In these particulars, the defendant suggests, the trial court's conduct impermissively chilled the exercise of his constitutional privilege against self-incrimination. *See generally* United States v. Jackson, 390 U.S. 570 (1968).

defendant's important statutory right of appeal. *Id*. at 447-48. Accordingly, the defendant is not required to make "a preliminary showing of any particular degree of merit. Unless the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant . . . the request of an indigent for leave to appeal *in forma pauperis* must be allowed." *In re Carvelo, supra* at 45-46, 352 P.2d at 626, *quoting Ellis v. United States*, 356 U.S. 674, 675 (1958). In connection with its burden of showing frivolity, the State must demonstrate affirmatively that the defendant's appeal is "clearly frivolous," *Coppedge v. United States, supra* at 446, or "plainly frivolous." *Ellis v. United States, supra* at 674.

In cases such as this, where the appellate issue which is assertedly frivolous is plain and unambiguous, the State carries the burden of showing that under no plausible legal theory could the defendant succeed in winning a reversal. The novelty of the defendant's claim, as evidenced by the absence of controlling case law in this and other jurisdictions, is one factor to be considered. Another factor, which should dispose of the matter in the defendant's favor, absent Hawaii precedent which is both directly in point and contrary to the defendant's position, is the existence of case law from other jurisdictions supporting the defendant. Even where a prior decision of this court suggests that a claim is without merit, the trial court should not certify the appeal as frivolous unless no reasonable basis for distinguishing the decision is possible and, if the decision is not distinguishable, unless all arguments addressed to overruling it are clearly specious.

In short, the State's burden of demonstrating frivolity is a heavy one — one which it has failed to carry in this case. Its chief argument here is the general proposition that a trial court's discretion in sentencing should rarely be disturbed by an appellate court. *See generally Williams v. New York,* 337 U.S. 241 (1949). What is more, the State seems to extrapolate from this general principle to the even broader notion that under *no* circumstances should an appellate court review a trial court's sentencing decision, even where the record is explicit that the trial court has allowed its discretion to be influenced or controlled by factors which are clearly imper-

missible. While we may have occasion to deal with this novel argument when we hear the merits of the defendant's appeal, it suffices for present purposes to note that no decision of this court substantiates the State's position and that there are many decisions contrary to it in other jurisdictions.[2] Indeed, there are cases from other jurisdictions which are directly in point and which support the defendant's claim that his sentencing was defective because of the trial court's insistence that he admit guilt and forego appeal as a prerequisite for mitigation of punishment. *E.g., LeBlanc v. United States,* 391 F.2d 916 (1st Cir. 1968); *State v. Poteet,* 61 N.J. 493, 295 A.2d 857 (1972).

We conclude, therefore, that that portion of the trial court's order which refused to provide the defendant with a transcript of the sentencing hearing at state expense was erroneous. We reverse with instructions to the trial court to enter an order granting in full the defendant's motion for transcripts and reimbursing the defendant or his counsel for such portion of the cost thereof as either may have paid.

*John S. Edmunds* for defendant-appellant.

*Richard D. Wurdeman,* Deputy Prosecuting Attorney (*Barry Chung,* Prosecuting Attorney, of Counsel) for plaintiff-appellee.

---

[2] *See, e.g.,* Government of Virgin Islands *v.* Turner, 409 F.2d 102, 104 (3d Cir. 1968); Marano *v.* United States, 374 F.2d 583 (1st Cir. 1967); United States *v.* Wiley, 278 F.2d 500 (7th Cir. 1960).