STATE OF HAWAII, Plaintiff-Appellee, *v.* SAMUEL KAMAE, III, Defendant-Appellant

NO. 5579

SEPTEMBER 30, 1974

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR, JJ., AND CIRCUIT JUDGE KATO IN PLACE OF LEVINSON, J., RECUSED

OPINION OF THE COURT BY OGATA, J.

This is an appeal by Samuel Kamae, III, defendant-appellant, from two separate orders of the First Circuit Court, filed in the records of that court in C45581 and in C45583, each dated October 25, 1973, and each denying defendant-appellant's motions filed in each of these cases for leave to appeal *in forma pauperis,* in view of that court's finding that each appeal is frivolous, and also from the circuit court's certification of denial of each appeal *in forma pauperis,* dated November 19, 1973, filed in connection with

and to buttress such orders, as required by HRS § 721-5 (1973 Supp.) These two criminal cases have been consolidated for the purpose of this appeal.

On August 2, 1973, the defendant-appellant pleaded guilty before the circuit court to the charge of robbery in the first degree, and also to the charge of assault in the first degree. The trial court, after determining that these pleas by the defendant-appellant were made voluntarily with full understanding of the charges, accepted defendant-appellant's guilty pleas, and he was thereupon convicted of robbery in the first degree and assault in the first degree.

Under § 840(3) of the Hawaii Penal Code,[1] robbery in the first degree is a class A felony, and under § 710(3) of the same code, assault in the first degree is a class B felony. The code further provides in § 660 that:

A person who has been convicted of a felony may be sentenced to an indeterminate term of imprisonment. When ordering such a sentence, the court shall impose the maximum length of imprisonment which shall be as follows:

(1) for a class A felony — 20 years;

(2) for a class B felony — 10 years; and

(3) for a class C felony — 5 years.

The minimum length of imprisonment shall be determined by the board of paroles and pardons in accordance with section 669.

On September 19, 1973, the defendant-appellant was sentenced under §§ 661 and 662(4) (a) of the code to extended indefinite terms of imprisonment for the commission of these offenses. The circuit court imposed the magnified, additional sentences because of its finding under § 662(4) (a) of the code, that the defendant-appellant was a multiple offender whose criminality was so extensive that a sentence of imprisonment for an extended term was warranted. Based upon such a finding, it sentenced the defendant-appellant to be confined

---

[1] The Hawaii Penal Code was enacted by Act 9, S.L.H. 1972, and became effective on January 1, 1973. "The code", as it will be designated hereinafter, has not yet been printed in H.R.S. Therefore, all references to "the code" refer to Act 9, S.L.H. 1972, and to the identical sections contained therein.

in prison under § 661 of the code to an extended term of life imprisonment for the robbery first degree, and to an extended term of 20 years for assault in the first degree, both sentences to be served concurrently, instead of imposing the usual maximum sentences of 20 years for robbery in the first degree and 10 years for assault in the first degree.

In this appeal the defendant-appellant, who is an indigent, presents for our consideration two questions, which stated in the language of the defendant-appellant are as follows:

1. Where the court does not screen the paid appeals on its docket for frivolity prior to consideration of the merits, is it a violation of due process and equal protection to require an indigent appellant to make a prior showing of the non-frivolity of issues?

2. Did the trial court err in denying Appellant's motion for leave to appeal in forma pauperis and in certifying that the appeal is frivolous?

In view of our conclusion on the second inquiry posed by the defendant-appellant to which we respond in the affirmative and hold that the defendant-appellant may proceed to appeal *in forma pauperis,* there is no occasion for us to go into the issue raised by the first inquiry, which would require us to review the opinion of this court on the validity of HRS § 721-5 (1973 Supp.), as set forth in *In Re Carvelo,* 44 Haw. 31, 352 P.2d 616 (1959).[2] In denying each of the defendant-appellant's motions to appeal *in forma pauperis,* and in

[2] Prior to June 3, 1957, under R.L.H. 1955, § 253-5, an indigent defendant convicted of a felony was able to receive a record of his proceedings in the trial court at public expense automatically upon the filing of his appeal (bill of exceptions or writ of error under the procedure prevailing before July 1, 1960). But after Act 239, S.L.H. 1957, which amended R.L.H. 1955, § 253-5, effective June 3, 1957, an appeal *in forma pauperis* was not allowable if the trial court certified that the appeal is frivolous or not taken in good faith. On the effectiveness of such an amendment, this court said in *In Re Carvelo, supra* at 36, 352 P.2d at 622: "There is now a tendency for defendants to seek appellate review of their convictions despite counsel's advice as to the futility of their appeals. Anticipating such a development, the 1957 legislature amended § 253-5 by inserting the following provision: 'An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is frivolous or not taken in good faith.' The amendment follows the provision in 28 U.S.C. § 1915(a), the constitutional validity of which is well established. *Parsell v. United States,* 218 F.2d 232; *Clough v. Hunter,* 191 F.2d 516; *Dorsey v. Gill,* 148 F.2d 857, cert. denied 325 U.S. 890."

certifying that each of these appeals is frivolous and not taken in good faith, the circuit court acted pursuant to the foregoing statutory mandate. However, as this court so eloquently held in *In Re Carvelo, supra;* and as we further elucidated in *State v. Pence,* 53 Haw. 157, 488 P.2d 1177 (1971); and more recently in *State v. Hayashida,* 55 Haw. 453, 522 P.2d 184 (1974), each of such orders and certifications is subject to review because the certification of the circuit court that the appeal is frivolous or not taken in good faith "is not final in the sense that the convicted defendant is barred from showing that it was unwarranted and an appeal should be allowed." *Johnson v. United States,* 352 U.S. 565, 566 (1957).

In *Territory v. Hayes,* 42 Haw. 1, 7 (1957), this court then announced the proposition that "where appellate review is provided by statute, the courts cannot discriminate against indigent persons by depriving them of the right to appeal their criminal convictions if the same right is made freely available to those who can afford to pay for such appeal." Consistent with this view, the criteria for the determination of whether or not an appeal is frivolous as they affect or concern an appeal *in forma pauperis* must be measured by the same legal principle which would be applicable to the dismissal of a pending criminal appeal of a nonindigent defendant under Rule 6(f) of this court.[3] Thus, in *In Re Carvelo, supra,* at pages 45-46, 352 P.2d at 626, this court quoted with approval from *Ellis v. United States,* 356 U.S. 674, 675 (1958) as follows: "In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous. *Farley v. United States,* 354 U.S. 521 (1957). The good-faith test must not be converted into a requirement of a preliminary showing of any particular degree of merit. Unless the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent liti-

---

[3] Rule 6(f) of this court reads as follows:

(f) Motion to Dismiss or Affirm. There may be joined with a motion to dismiss an alternative motion to affirm on the ground that, although the record may show the case is properly before this court, it is manifest that the appeal was taken for delay only or that the question involved is such as not to need further argument. The time for the filing of the next subsequent brief by the movant shall be determined by the court when ruling upon the motion.

36

gant, Fed. Rules Crim. Proc. 39(a), the request of an indigent for leave to appeal *in forma pauperis* must be allowed." The last sentence of the above-cited passage from *Ellis v. United States, supra,* was also approved in *Coppedge v. United States,* 369 U.S. 438 (1962), and in *Coppedge,* the United States Supreme Court further stated at pages 447-448: "The point of equating the test for allowing a pauper's appeal to the test for dismissing paid cases, is to assure equality of consideration for all litigants. The equation is intended to place the burdens of proof and persuasion in all cases on the same party — in these cases, on the Government. Since our statutes and rules make an appeal in a criminal case a matter of right, the burden of showing that that right has been abused through the prosecution of frivolous litigation should, at all times, be on the party making the suggestion of frivolity. It is not the burden of the petitioner to show that his appeal has merit, in the sense that he is bound, or even likely, to prevail ultimately. He is to be heard, as is any appellant in a criminal case, if he makes a rational argument on the law or facts. It is the burden of the Government, in opposing an attempted criminal appeal *in forma pauperis,* to show that the appeal is lacking in merit, indeed, that it is so lacking in merit that the court would dismiss the case on motion of the Government, had the case been docketed and a record been filed by an appellant able to afford the expense of complying with those requirements."

The issues which defendant-appellant sought to raise in his appeal, and which the trial court held to be frivolous, are concerned with the methods and procedures utilized by the trial court to impose a sentence to an extended term of imprisonment upon a person who has been convicted of a felony. Admittedly, § 664 of the code provides that there shall be a hearing after the defendant has been convicted and after he has been served with written notice of the ground upon which the extended term is to be imposed. That section further explicitly provides that "the defendant shall have the right to hear and controvert the evidence against him and to offer evidence upon the issue." Likewise, §§ 665 and 666(1) of the code, contain provisions which explain what shall constitute a

previous conviction, and in § 666(2) of the code, it provides as follows: "Prior conviction may be proved by any evidence, including fingerprint records made in connection with arrest, conviction, or imprisonment, that reasonably satisfies the court that the defendant was convicted."

The defendant-appellant asserts that the court below erred in relying solely upon the pre-sentence diagnosis and report submitted by the probation officer in concluding that the defendant-appellant is a multiple offender, whose criminality was so extensive that a sentence of imprisonment for an extended term is warranted under § 662(4) (a) of the code, because such evidence is (1) hearsay and (2) not the best evidence. These questions which the defendant-appellant desires to seek appellate scrutiny and review are of first impression in this jurisdiction, since the novel concept of extended term sentence contained in §§ 661 and 662 of the code was only recently introduced to this jurisdiction by the enactment of the code.[4] As bearing on the question of frivolousness, we stated in *State v. Hayashida, supra,* at page 456, 522 P.2d at 186-87, that "[t]he novelty of the defendant's claim, as evidenced by the absence of controlling case law in this and other jurisdictions, is one factor to be considered. Another factor, which should dispose of the matter in the defendant's favor, absent Hawaii precedent which is both directly in point and contrary to the defendant's position, is the existence of case law from other jurisdictions supporting the defendant." In the instant case, the defendant-appellant has cited case authorities from other than this jurisdiction which may have significant impact on these evidentiary questions. *Specht v. Patterson,*[5] 386 U.S. 605 (1967; *United States*

---

[4] Although prior to the code, if a person was convicted of certain specific offense more than once, such a person upon his subsequent conviction of the same type of offense was subjected to an additional penalty. See HRS §§ 328-84, 329-3, 329-5, 743-10 and 750-20. This court has not had any opportunity to express its opinion as to the method and procedure on the imposition of these increased sentences.

[5] The appeal sought by the defendant-appellant is addressed to the meaning and scope of the decision in *Specht,* which, as a decision of the United States Supreme Court, must be accorded far greater weight than mere "case law from other jurisdictions." Furthermore, an appeal based on a question as to the meaning and scope of a United States Supreme Court decision is not frivolous. *D'Aquino v. United States,* 180 F.2d 271 (9th Cir. 1950).

*ex rel. Gerchman v. Maroney,* 355 F.2d 302 (3rd Cir. 1966). In our view, neither *Williams v. New York,* 337 U.S. 241 (1949), nor *State v. Harmon,* 147 Conn. 125, 157 A.2d 594 (1960), cited by the state would militate against the contention of the defendant-appellant that the appeal is not frivolous.

We are here not concerned, as were the cases in *Williams v. New York, supra,* and *State v. Harmon, supra,* with the routine sentence of a trial judge who is vested with wide discretion in the sources and types of evidence which may be utilized by him in the proper disposition of convicted offenders. Rather, as in *Specht v. Patterson, supra,* and *United States ex rel. Gerchman v. Maroney, supra,* our problem relates to procedures on the imposition of additional penalties akin to those where increased sentences are imposed in other jurisdictions on habitual or dangerous offenders. *See generally* 39 Am Jur 2d. *Habitual Criminals,* etc., §§ 17 *et seq.*

Defendant-appellant contends that in light of *Specht v. Patterson, supra,* a.proceeding to impose an extended term of imprisonment under §§ 661 and 662 of the code is subject to the Due Process Clause of the Fourteenth Amendment and requires the full panoply of protections which are essential to a fair trial. In a case such as this, we stated that "[t]he defendant is not required to make 'a preliminary showing of any particular degree of merit. . . .' " *State v. Hayashida, supra* at 456, 522 P.2d at 186, quoting *Ellis, supra* at 675, and *In Re Carvelo, supra* at 45-46, 352 P.2d at 626. We need not assess the precise degree of merit in defendant-appellant's argument, or speculate on the final outcome of his appeal. We do not believe, however, that these issues are "so 'frivolous' as to be unworthy of argument before this court."[6] *Hayashida, supra* at 455, 522 P.2d at 186.

Each of the orders, including the certifications, is vacated, and the defendant-appellant is granted leave to appeal *in forma pauperis.*

---

[6] In this respect this case is unlike *State v. Ayala.* 46 Haw. 349, 379 P.2d 590 (1963); *State v. Rodrigues,* 44 Haw. 612. 359 P.2d 501 (1961); *State v. Lee,* 44 Haw. 288, 353 P.2d 184 (1960). In each of these cases. this court held the issues sought to be reviewed were frivolous.

Reversed.

*Paul S. Aoki* and *John W. K. Chang*, Deputy Public Defenders *(Donald K. Tsukiyama*, Public Defender, of counsel), for defendant-appellant.

*Douglas H. Ige*, Deputy Prosecuting Attorney *(Barry Chung*, Prosecuting Attorney, of counsel), for plaintiff-appellee.