EDWARD H. CHARPENTIER *vs.* COMMONWEALTH.

Bristol. April 4, 1978. — July 24, 1978

Present: HENNESSEY, C.J., KAPLAN, WILKINS, & LIACOS, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Appeal, Transcript of evidence, Expenses in criminal proceedings.

Discussion of statutory procedures available for review of a criminal case. [83–88]
An indigent defendant whose case was subject to the provisions of G. L. c. 278, §§ 33A-33G, was entitled to a complete transcript on appeal. [88–89]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on September 13, 1977.

The case was heard by *Braucher,* J.

*Thomas Hoffman* for the plaintiff.

*Lance J. Garth,* Assistant District Attorney, for the Commonwealth.

LIACOS, J. The question before us involves the right of an indigent defendant to a transcript, at public expense, in order to pursue an appeal under G. L. c. 278, §§ 33A-33H. The plaintiff here (hereinafter called the defendant), was convicted in the Superior Court of armed robbery and assault with a dangerous weapon and sentenced to a term of from six to ten years at Massachusetts Correctional Institution at Walpole. Following the defendant's claim of appeal from his convictions pursuant to G. L. c. 278, §§ 33A-33H, the trial judge appointed the Massachusetts Defenders Committee (committee) as appellate counsel to represent the defendant, who was then indigent. The judge informed the committee that he wanted to know the issues involved in the appeal in order to "narrow the transcript to those issues and avoid the necessity of providing a complete transcript."

An attorney of the committee, in a letter to the judge, replied that he had consulted with the defendant's privately retained trial counsel to ascertain what errors might have occurred at trial and concluded that a transcript of the suppression hearing and the prosecutor's closing argument would be needed. The attorney also wrote that he would need the transcript, excluding jury empanelment, to support the defendant's claim of ineffective assistance of counsel. The attorney stated in another letter that he was unable to comply with the judge's further request for a particularization of the alleged errors at trial. He noted that he had neither tried the case nor seen a transcript and was reluctant to rely on his client's memory for a detailed specification of the trial counsel's alleged errors.

After a hearing on the request for a free transcript, the judge found that the bare allegation of ineffective assistance of counsel did not establish "a colorable need for a complete transcript." He further found that "[t]he alleged assignment of errors is patently frivolous and the identification and guilt of the defendant [were] clearly established beyond a reasonable doubt and a furnishing

of a full transcript would result in a waste of public funds." The judge then ordered that the defendant receive only those portions of the trial transcript containing the evidence presented at the voir dire on the motion to suppress, so much of the judge's jury charge as was given after the jury reported that they were unable to agree on a verdict, and the prosecutor's closing argument.

The defendant sought relief pursuant to G. L. c. 211, § 3, from the denial of his request for a transcript of the trial by filing the present petition in the Supreme Judicial Court for the county of Suffolk. The petition was denied by a single justice, as was a petition for reconsideration. The defendant appeals from that denial.[1]

The defendant bases his claim for relief on several grounds. He contends that the denial of his request for a free trial transcript violates the provisions of G. L. c. 278, §§ 33A-33H. He also raises an equal protection argument based on his indigency, claiming that the trial judge unconstitutionally conditioned the granting of a free transcript on a showing of merit of the points of appeal and that this procedure deprived him of a fair opportunity to appeal plain error. Finally, he asserts that appellate courts and appellate counsel cannot perform their constitutional obligations without full transcripts. The Commonwealth responds that the partial transcript provided was a "record of sufficient completeness" to satisfy the statutory and constitutional requirements. We need not reach the constitutional issues raised here since we con-

---

[1] We have exercised our extraordinary power to grant relief under G. L. c. 211, § 3, at whatever stage of the proceedings it becomes necessary to protect substantive rights, especially when no other practical remedy is available. See *Blaisdell* v. *Commonwealth*, 372 Mass. 753, 755 (1977); *Lataille* v. *District Court of E. Hampden*, 366 Mass. 525, 526-527 (1974); *Corey* v. *Commonwealth*, 364 Mass. 137, 138 (1973). According to the defendant, without the requested relief he cannot effectively appeal from his conviction. It thus appears appropriate, and the Commonwealth has not objected, for us to take cognizance of this particular case under G. L. c. 211, § 3. See *Blazo* v. *Superior Court*, 366 Mass. 141, 143 n.1 (1974).

clude on statutory grounds that the defendant is entitled to the trial transcript. See *Commonwealth* v. *Bartlett,* 374 Mass. 744, 748-749 (1978).

1. The defendant's claim of a right to a free copy of the trial transcript must be viewed in the context of the statutory procedures available for review of a criminal case. Various avenues of appeal are open to a criminal defendant seeking to overturn his conviction. See generally K.B. Smith, Criminal Practice and Procedure §§ 1181-1259 (1970). Under G. L. c. 278, § 28, for example, a criminal defendant may appeal from a judgment of the Superior Court based on a matter of law apparent on the record. This method of review does not bring to the appellate court the evidence heard at trial, even if recorded by a stenographer. See *Commonwealth* v. *Berney,* 353 Mass. 571, 572 (1968); *Guerin* v. *Commonwealth,* 337 Mass. 264, 266 (1958). Another limited method of appellate review is by writ of error, G. L. c. 250, §§ 1, 2, 9-13. The writ of error ordinarily does not lie to review errors as to findings of fact made at trial or errors of law committed during trial. Since many trial errors are not open to review on a writ of error, an indigent is not entitled to a free transcript unless he shows that a reasonable need for the trial transcript exists. See *Commonwealth* v. *Gilday,* 357 Mass. 775 (1970); *Guerin* v. *Commonwealth, supra* at 267-270. Thirdly, the bill of exceptions under G. L. c. 278, § 31, is a common appellate procedure for review of criminal cases. The transcript of the proceeding, if there is one, is not part of the record when a case is reviewed on a bill of exceptions. *Commonwealth* v. *Fiore,* 364 Mass. 819, 827-828 (1974). *Commonwealth* v. *McGrath,* 361 Mass. 431, 433 (1972).

Important to our decision is the fact the defendant did not seek appellate review by any of these methods in which the transcript plays a limited role in the appellate process. Instead, he filed a direct appeal pursuant to G. L. c. 278, §§ 33A-33H. General Laws c. 278, § 33A, as amended by St. 1974, c. 540, § 2, states at the outset that

"[i]n any proceedings or trials upon an indictment or complaint for any felony and for any misdemeanor tried with a felony the evidence shall be taken by an official stenographer or by a stenographer appointed by the court." The provisions of §§ 33A-33H, establishing procedures for the filing of the appeal, the preparation of the record, the assignment of errors, and the transmission of the record are mandatory in all murder and manslaughter cases and in witness immunity contempt proceedings brought under G. L. c. 233, §§ 20C-20H. This statutory method of appeal also governs any other felony or misdemeanor tried with such felony, at the timely request of either party. G. L. c. 278, § 33A. A defendant in a case subject to G. L. c. 278, §§ 33A-33H, may appeal if "aggrieved by an opinion, ruling, direction or judgment of the superior court, rendered upon any question of law arising out of such case or upon a motion for a new trial." G. L. c. 278, § 33B, as appearing in St. 1955, c. 352, § 1. Review by an appellate court is on the typewritten transcript of the proceedings.[2]

In § 33B is found the provision for indigent defendants whose trial is subject to §§ 33A-33H. See *Commonwealth v. King*, 356 Mass. 495, 496 (1969). Section 33B provides that when a defendant files a claim of appeal, "[o]ne copy [of the transcript] shall be furnished to the defendant, who shall pay for the expense of his transcript unless the court otherwise directs." The phrase "unless the court otherwise directs" does not refer to whether the transcript shall be given to the defendant, but rather refers to whether the transcript shall be provided at the defendant's own expense. Thus, the trial judge's role in the furnishing of transcripts is to determine if the defendant is indigent. The statutory language contains no sugges-

---

[2] The legislative history clearly indicates that the defendant may buy the complete transcript. See Thirtieth Report of the Judicial Council, Pub. Doc. No. 144, at 8 (Dec. 1954), reprinted in 40 Mass. L.Q. (No. 1, 1955).

tion that the judge may provide only a partial transcript of the stenographic record if the indigent defendant cannot support his grounds of appeal with specific factual allegations.[3]

By contrast, when a defendant seeks review by one of the appellate procedures in which a stenographic record is not statutorily required, his right to a transcript of the proceedings below is more limited. In misdemeanor cases, not felony-connected, stenographers are not routinely provided, although a nonindigent defendant could arrange for one and later for a transcript under G. L. c. 221, § 91B. See *Commonwealth* v. *Shea*, 356 Mass. 358, 360 (1969). Relying on the principles of *Griffin* v. *Illinois*, 351 U.S. 12 (1956), and the long line of transcript cases which followed,[4] this court in *Blazo* v. *Superior Court*, 366 Mass. 141, 151 (1974), held that at a misdemeanor trial, an indigent defendant has the right on request to have a stenographer record the proceedings. However, the extent to which the defendant may obtain a free transcript of all or part of the record may depend on several factors. We said that "[i]f the Commonwealth objects to the particular request of the defendant on the ground that it imposes unnecessary expense or delay, an informal hearing should be held and the judge should pass on the matter." *Id.*[5]

---

[3] For a legislative history of the provisions of this statute see *Commonwealth* v. *Beneficial Fin. Co.*, 355 Mass. 373, 375 (1969). The most recent amendment (see St. 1974, c. 540, § 2) eliminated the requirement of a court order and extended this method of review to all felonies and misdemeanors tried with such felonies when either party makes a request that the case be governed by G. L. c. 278, §§ 33A-33G.

[4] For a listing of decisions on the question of free transcripts for indigents see *Blazo* v. *Superior Court*, 366 Mass. 141, 143 n.2 (1974). The only cases where the Supreme Court rejected the indigent defendant's claim to a free transcript involved the availability of an adequate alternative, *Britt* v. *North Carolina*, 404 U.S. 226 (1971), or a plainly frivolous request on collateral attack. *United States* v. *MacCollom*, 426 U.S. 317 (1976).

[5] See also *Blazo* v. *Superior Court, supra* at 152 n.20, quoting from

In *Commonwealth* v. *Britt,* 362 Mass. 325 (1972), a majority held that an indigent defendant, charged with a felony, is not entitled to a free typewritten transcript of his probable cause hearing in a District Court, even though a solvent defendant could arrange for a stenographer to record and transcribe the proceedings under G. L. c. 221, § 91B. While the transcript of a probable cause hearing could be helpful at trial to demonstrate inconsistencies in the testimony of witnesses, see *Commonwealth* v. *Mustone,* 353 Mass. 490 (1968), it would not be useful for appellate review since traditionally errors at a probable cause hearing would not void a subsequent indictment or conviction. *Britt* v. *McKenney,* 529 F.2d 44, 46 (1st Cir.), cert. denied sub nom. *Burden* v. *McKenney,* 429 U.S. 854 (1976). This court in *Commonwealth* v. *Britt, supra* at 331, distinguished the situation where "a State has appropriated funds to pay stenographers, has committed itself to record the proceedings, and has made transcripts available for a price."

Today's decision does not disturb our holding in either *Blazo, supra,* or *Commonwealth* v. *Britt, supra.* We emphasize that, unlike the misdemeanor sessions and probable cause hearings in those two cases, the Legislature has mandated that felony and felony-related misdemeanor cases must have a stenographic record of the proceedings, and if the case is governed by G. L. c. 278, §§ 33A-33H, a complete transcript may be obtained from the existing stenographic record.[6] This statutory requirement of a stenographic record and transcript is understandable in light of the generally more complex nature of felony cases

---

*Mayer* v. *Chicago,* 404 U.S. 189, 195 (1971): "[W]here the grounds of appeal, as in this case, make out a colorable need for a complete transcript, the burden is on the State to show that only a portion of the transcript or an 'alternative' will suffice for an effective appeal on those grounds."

[6] Where the stenographic record is unavailable through no fault of the parties, the principles of *Commonwealth* v. *Harris, ante* 74 (1978), apply.

and the higher stakes involved. Cf. *Blazo* v. *Superior Court, supra* at 150; *Commonwealth* v. *Beneficial Fin. Co.,* 355 Mass. 373, 377 n.5 (1969).

Moreover, a procedure which bases the grant of a free transcript on a defendant's ability to substantiate the allegations of trial error would frustrate the legislative purpose of G. L. c. 278, §§ 33A-33H. This statute was enacted to eliminate delay in the processing of appeals. See *Commonwealth* v. *Dorius,* 343 Mass. 533, 536 (1962). While there may be some delay in preparing a full transcript, significant delay is inevitable if pre-appeal hearings are held to evaluate a defendant's points of appeal and to determine the sufficiency of the record on appeal. Further, to substantiate many claims of error, a defendant's appellate counsel would have to spend an inordinate amount of time conferring with participants at the trial in order to reconstruct the events supporting the allegations. General Laws c. 278, §§ 33A-33H, however, provides for a stenographic record and transcript so that reliance on other more cumbersome methods of preparing an appeal can be avoided and the appeal expedited.

The claim raised here of ineffective assistance of counsel would be extremely difficult for appellate counsel to back up by other methods. Indeed, in *United States* v. *MacCollom,* 426 U.S. 317, 332 (1976), Mr. Justice Brennan, dissenting, pointed out that "[s]ubstantiation of such a claim is virtually impossible without the aid of a trial transcript."[7]

A similar dilemma also faces counsel, especially new counsel on appeal, who suspect unnoticed errors may have been committed at trial causing a "substantial risk of a miscarriage of justice." *Commonwealth* v. *Freeman,*

---

[7] Although the plurality opinion rejected the respondent's claim to a free transcript on collateral review, it nevertheless stressed the fact that in the Federal system a free transcript would have been automatically available to the indigent on direct appeal. *United States* v. *MacCollom,* 426 U.S. 317, 323, 326-328 (1976). See 28 U.S.C. § 753 (f) (1970). See also *Ellis* v. *Maine,* 448 F.2d 1325 (1st Cir. 1971).

352 Mass. 556, 564 (1967). See *Hardy* v. *United States,* 375 U.S. 277, 280 (1964); *State* v. *Pence,* 53 Haw. 157 (1971). Such counsel for indigent defendants are at a serious disadvantage under G. L. c. 278, §§ 33A-33H, if they cannot see a trial transcript before assigning errors but must rely solely on the memory of the client and others who attended the trial. It would be absurd to deny them a - transcript for making an unsubstantiated allegation that cannot be effectively proved without a transcript.[8]

2. In accordance with the statutory purpose and language of G. L. c. 278, §§ 33A-33H, requiring speedy and effective appellate review on the transcript, a defendant whose case is subject to these sections is entitled to a complete transcript on appeal. As long as constitutional standards are met, the Legislature is free to revise this statute, and, for instance, provide sophisticated electronic recording devices as an alternative method for preparing the appellate record. See *Blazo, supra* at 153-154. For now, the cooperation of counsel is particularly necessary to avoid draining the government's resources. We caution counsel that in deciding to seek a partial or full transcript, "they are to act as if they were representing nonindigent clients to whom the expenditures in question were

---

[8] One commentator, discussing the problems of counsel newly appointed on appeal, said: "Recollections and notes of trial counsel and of others are apt to be faulty and incomplete. Frequently, issues simply cannot even be seen—let alone assessed—without reading an accurate transcript. Particularly is this true of questions relating to evidence or to the judge's charge; and it may also apply to many other types of questions. Moreover, the actual record (if appellate counsel could have it to inspect) might disclose issues substantial enough to constitute probable or possible 'plain error,' even though trial counsel was not aware of their existence; and the indigent should have the same opportunity as the wealthy to urge that plain error should be noticed on appeal. In short, a conscientious counsel freshly entering the case at the appellate stage normally is likely to conclude that a full or partial transcript of the trial proceedings will be indispensable if the requisite 'dependable record' is to be obtained as a basis for evaluating the case." Boskey, The Right to Counsel in Appellate Proceedings, 45 Minn. L. Rev. 783, 792-793 (1961), quoted in *Hardy* v. *United States,* 375 U.S. 277, 280-281 n.3 (1964).

matters of serious consequence." *Blazo* v. *Superior Court,* *supra* at 153. See *Mayer* v. *Chicago,* 404 U.S. 189, 199 (1971) (Burger, C.J., concurring). Counsel should refrain from requesting the transcript of the jury empanelment or other aspects of the proceedings not relevant to the defendant's appeal.[9] See ABA Standards Relating to Criminal Appeals § 3.3(b) (Tent. Draft 1969) ("The best safeguard against abuse is to permit counsel for the appellant to specify what is necessary for his representation, subject to appropriate sanctions against counsel who has acted irresponsibly or extravagantly in requesting record documents at government expense"). See also *Commonwealth* v. *Turner,* 371 Mass. 803, 814-815 (1977).

The judgment of the single justice is set aside and the case is remanded to the county court for an appropriate order under the provisions of G. L. c. 211, § 3.

*So ordered.*

---

[9] For capital cases, however, the entire case must be before us, including a transcript of the entire proceedings. See G. L. c. 278, § 33E.