STATE OF HAWAII, Plaintiff-Appellee *v.* THEODORE FREDERICK NOBRIGA, JR., Defendant-Appellant

NO. 5510

NOVEMBER 8, 1974

RICHARDSON, C.J., KOBAYASHI, MENOR, JJ.,
and CIRCUIT JUDGE SODETANI in place of
LEVINSON, J., recused, and CIRCUIT JUDGE KATO
in place of OGATA, J., disqualified

OPINION OF THE COURT BY RICHARDSON, C.J.

This appeal involves the issue of whether a trial judge at the sentencing stage may consider a presentence diagnosis report which includes an adult-defendant's juvenile court record, in light of HRS §§ 571-49 and 571-84 (Supp. 1973) and HRS § 706-602 (Supp. 1973), Act 179, § 23, S.L.H. 1973, *amending* Act 9, part of Section 1, S.L.H. 1972,[1] [hereinafter cited as HRS § 706-602 (Supp. 1973)].

---

[1] Amendments to *Hawaii Penal Code* sections 602 and 603 have been published in the 1973 Supplement to Hawaii Revised Statutes as HRS §§ 706-602, 706-603 (Supp. 1973).

However, the *Hawaii Penal Code* has not been published in its entirety in the supplement to Hawaii Revised Statutes, but the text of the *Hawaii Penal Code* may be found in Act 9, S.L.H. 1972, pp. 32-142.

Defendant-appellant Theodore Frederick Nobriga was tried and found guilty in the circuit court of burglary in the first degree, in violation of HRS § 726.

Subsequent to the conviction for burglary, defendant was referred to the Adult Probation Division for a presentence diagnosis and report. On May 4, 1973, defendant, who was then 18 years of age, was sentenced under *Hawaii Penal Code*, § 667, as a youthful adult defendant to an indeterminate term of four years.

Thereafter, on June 5, 1973, defendant filed a Motion for Reconsideration of Sentence. At the hearing on the motion, the probation officer confirmed that defendant's juvenile record was included in the presentence report. Defense counsel argued that such inclusion was prohibited by HRS §§ 571-49 and 571-84 (Supp. 1973). Notwithstanding this argument, the motion was denied.

From the sentence and judgment of the circuit court, this appeal is taken. Appellant seeks reversal and remand for resentencing at which time defendant requests a new presentence diagnosis and report which is void of any reference to his juvenile record.

We would affirm the sentence and judgment.

I

*Is the inclusion of an adult-defendant's juvenile court record in the presentence diagnosis report a violation of HRS §§ 571-49 and 571-84 (Supp. 1973)?*

As to issue one, the basic thrust of appellant's argument is that the inclusion of such juvenile records in the presentence report was a violation of HRS §§ 571-49 and 571-84 (Supp. 1973). He contends that the policy underlying HRS § 571 is to classify juvenile proceedings as noncriminal and confidential so as to severely restrict the availability and use of juvenile records.

We do not find appellant's reading of HRS §§ 571-49 and 571-84 (Supp. 1973) to be persuasive, inasmuch as we are of the opinion that HRS § 706-602 (Supp. 1973) should govern the instant case. We recognize that such statutory provisions

were enacted to serve two totally different purposes, that is, the respective provisions contained in the Family Court Act, *i.e.*, sections 571-49 and 571-84 (Supp. 1973) were designed to afford certain protections to the juvenile involved in an adversary proceeding in any court, while HRS § 706-602 (Supp. 1973) was geared to assist the trial judge at the sentencing stage.

What should be borne in mind is that a clear distinction exists between the adversary proceeding in court and the sentencing process. During the latter, the presiding judge is no longer dealing with the process of determining factual issues, that is, the guilt or innocence of the defendant, but rather must concern himself with "imposing a fair, proper, and just sentence." *Commonwealth ex rel. Hendrickson v. Myers*, 393 Pa. 224, 228, 144 A.2d 367, *aff'g* 182 Pa. Super. 169, 126 A.2d 485 (1958) (hereinafter cited as *Myers*).

It is the existing statutory sentencing scheme that is the subject of this appeal. To that end, HRS § 706-602 (Supp. 1973) is designed to assist the sentencing authority by requiring that certain basic information be made available in the form of a presentence report which is made mandatory in certain instances. *See Hawaii Penal Code* § 601.

As the forerunner of HRS § 706-602 (Supp. 1973), the Commentary to *Hawaii Penal Code* § 602 (Proposed Draft), Judicial Council of Hawaii (1970), sheds some light on the purpose underlying the provision even though it was not intended to be a definitive statement of legislative intent.[2]

> [Section 602] sets forth the topics required to be covered in the presentence investigation and report. The Code recognizes that these topics constitute a *minimum of information* which should be before the sentencing judge. Additional matters may be included by the presentence investigator. A defendant is protected against the inclusion of unfounded facts, derogatory information, statements and conclusions by the provision of section 604 providing for notice and opportunity to controvert.

[2] *Hawaii Penal Code* § 105.

Commentary, *Hawaii Penal Code* Section 602 (Proposed Draft), Judicial Council of Hawaii (1970) (emphasis supplied).[3]

With this in mind the legislature specified that such a presentence document should include the following topics:

[A]n analysis of the circumstances attending the commission of the crime, the defendant's *history of delinquency* or criminality, physical and mental condition, family situation and background, economic status, education, occupation, and personal habits, and *any other matters* that the reporting person or agency deems *relevant* or the court directs to be included. HRS § 706-602 (Supp. 1973) (emphasis supplied).

As to the phrase "history of delinquency," appellant argues that such general wording does not specifically authorize the use of juvenile records in the presentence report. Thus, defendant maintains that such use was in direct violation of HRS §§ 571-49 and 571-84 (Supp. 1973).

However, we differ with appellant's reading of HRS § 706-602 (Supp. 1973). Given our understanding of the basic purpose of the statutory sentencing scheme, *i.e.*, to furnish the presiding judge with all relevant information to enable him to render an informed decision on sentencing, we are led to conclude that the phrase "history of delinquency" should be construed so as to authorize the use of a defendant's juvenile court record for purposes of the presentence investigation and report.

Moreover, we do not believe that such a construction of "history of delinquency" in HRS § 706-602 (Supp. 1973) is inconsistent with the purpose and language of HRS §§ 571-49 and 571-84 (Supp. 1973). Rather we understand the purpose

---

[3] Reference is made herein to the Commentary contained in *Hawaii Penal Code* (Proposed Draft), Judicial Council of Hawaii (1970). The legislature has not officially adopted the Commentaries corresponding to the respective sections of the Proposed Draft which were enacted.

of § 571-49[4] and § 571-84 (Supp. 1973)[5] to be one of prohibiting the use of *evidence against* the child or minor involved in an *adversary* proceeding in any court other than Family Court, and not one of a blanket prohibition banning the use of juvenile records in a nonadversary proceeding, that is, at the sentencing stage.

---

[4] Text of HRS § 571-49 (emphasis supplied):

§ 571-49 *Adjudication of child noncriminal*. No adjudication by the court of the status of any child or minor under this chapter shall be deemed a conviction; no such adjudication shall impose any civil disability ordinarily resulting from conviction; no child or minor shall be found guilty or be deemed a criminal by reason of such adjudication; and no child shall be charged with crime or be convicted in any court except as provided in section 571-22. The disposition made of a child or minor or any evidence given in the court, shall not operate to disqualify the child or minor in any civil service or military application or appointment. Any *evidence* given in any case under section 571-11, shall not in any civil, criminal, or other cause in any court be lawful or proper evidence *against* the *child or minor* involved for any purpose whatever except in subsequent cases involving the same child or minor under section 571-11.

[5] Text of HRS § 571-84 (Supp. 1973) (emphasis supplied):

§ 571-84 *Records*. The court shall maintain records of all cases brought before it. In proceedings under section 571-11, and in paternity proceedings under chapter 579, the following records shall be withheld from public inspection: the court docket, petitions, complaints, motions, and other papers filed in any case; transcripts of testimony taken by the court; and findings, judgments, orders, decrees, and other papers other than social records filed in proceedings before the court. The records other than social records shall be open to inspection by the parties and their attorneys, by an institution or agency to which custody of a minor has been transferred, by an individual who has been appointed guardian; with consent of the judge, by persons having a legitimate interest in the proceedings from the standpoint of the welfare of the minor; and, pursuant to order of the court or the rules of court, by persons conducting pertinent research studies, and by persons, institutions, and agencies having a legitimate interest in the protection, welfare, or treatment of the minor.

Reports of social and clinical studies or examinations made pursuant to this chapter shall be withheld from public inspection, except that information from such reports may be furnished, in a manner determined by the judge, to persons and governmental agencies and institutions conducting pertinent research studies or having a legitimate interest in the protection, welfare, and treatment of the minor.

No information obtained or social records prepared in the discharge of official duty by an employee of the court shall be disclosed directly or indirectly to anyone other than the judge or others entitled under this chapter to receive such information, unless and until otherwise ordered by the judge.

Without the consent of the judge, neither the fingerprints nor a photograph shall be taken of any child in police custody, unless the case is transferred for criminal proceedings. Except for the immediate use in such criminal case, any photograph or fingerprint taken upon such transfer shall not be used or circulated

We are further convinced of the legislature's intent in adopting HRS § 706-602 (Supp. 1973), by reading *Hawaii Penal Code* § 604 as the companion provision which equips the defendant with specific safeguards, *i.e.,* an opportunity to controvert or supplement the presentence report.

Section 604 provides in pertinent part that:

(2) The court shall furnish to the defendant or his counsel and to the prosecuting attorney a copy of the report of any presentence diagnosis or psychiatric or other medical examination and *afford fair opportunity, if the defendant or the prosecuting attorney so requests, to controvert or supplement them. Hawaii Penal Code* § 604(2) (emphasis supplied).

In so providing, the legislature was not unmindful of the dangers posed to the defendant in terms of those portions of the report which might be misleading, incomplete, or inaccurate. Thus, the legislature afforded the defendant an opportunity to respond to the presentence report, and more importantly, an opportunity to rebut those sections in question.

The end result of such a statutory scheme is to provide the sentencing judge with all relevant information on the offender's background, while affording the defendant "[protection] against the inclusion of unfounded facts, derogatory information, statements, and conclusions." Commentary, *Hawaii Penal Code* § 602 (Proposed Draft), Judicial Council of Hawaii (1970). *See* Note 2.

---

for any other purpose and shall be subject to all rules and standards provided for in section 571-74.

The records of any police department, and of any juvenile crime prevention bureau thereof, relating to any proceedings authorized under section 571-11 shall be confidential and shall be open to inspection only by persons whose official duties are concerned with the provisions of this chapter, except as otherwise ordered by the court. Any such police records concerning traffic accidents in which a child or minor coming within section 571-11(1) is involved shall, after the termination of any proceeding under section 571-11(1) arising out of any such accident, or in any event after six months from the date of the accident, be available for inspection by the parties directly concerned in the accident, or their duly licensed attorneys acting under written authority signed by either party. Any person who may sue because of death resulting from any such accident shall be deemed a party concerned.

Evidence given in proceedings under section 571-11(1) or (2) *shall not in any civil, criminal, or other cause be lawful or proper evidence against the child or minor therein involved* for any purpose whatever, except in subsequent proceed-

Thus, we hold that HRS § 706-602 (Supp. 1973) authorized the use of appellant's juvenile court record in the presentence report made mandatory in this case by *Hawaii Penal Code* § 601(1) (b) and that such use was not a violation of HRS §§ 571-49 and 571-84 (Supp. 1973).

II

*In making its determination of an appropriate sentence for appellant, did the court err by considering adult-defendant's juvenile court record which comprised a portion of the presentence report?*

In light of our disposition of issue one, we find appellant's second specification of error to be without merit.

To adopt appellant's reasoning on barring the use of juvenile records in the presentence report would in effect deny the sentencing judge access to relevant information necessary for the rendition of an informed sentencing decision.

Although it is not considered evidence of legislative intent,[6] we look to the Commentary pertaining to the presentence investigation section in the Penal Code for some understanding of what that section was designed to achieve. Such Commentary states that:

> In any system which vests discretion in the sentencing authority, it is necessary that the authority have *sufficient* and *accurate* information so that it may rationally exercise its discretion. In our penal system which vests sentencing authority in the court, it is extremely *unlikely* that without a special provision providing for a presentence investigation and report that the *relevant* information will be brought to the attention of the court. Commentary, *Hawaii Penal Code* § 601 (Proposed Draft), Judicial Council of Hawaii (1970) (emphasis supplied).

---

ings involving the same child under section 571-11(1) or (2).

[6] Text of *Hawaii Penal Code* § 105:

*Effect of Commentary:* The Commentary accompanying the Judicial Council of Hawaii's proposed draft of the *Hawaii Penal Code* (1970), as revised, shall be published with this Code and may be used as an aid in understanding the provisions of this Code, but not as evidence of legislative intent.

82

Of special significance is the following:

> *Relevant* information, such as the defendant's *history of delinquency,* or criminality, his physical and mental condition, his family situation, and background, his economic status, education, occupation, and personal habits, are *not likely* to be fully explored in an *adversary* proceeding designed to decide the issue of *guilt. Id.* (emphasis supplied).

The focus of the foregoing statements is on providing sufficient and accurate information to meet the urgent need of the sentencing court to inform itself about the defendant.

> There may, for example, be grounds which were not disclosed at trial which indicate that the defendant is likely to present a serious risk of future crimes of a violent nature, in which case a reasonably long prison term would be indicated. Or the facts may indicate that the defendant would be more likely to respond to a special type of commitment which may be available than he would to a normal maximum security institution. A.B.A. Standards Relating to Sentencing Alternatives and Procedures — Commentary to Section 4.1 Presentence Report: General Principles at 204-205 (hereinafter cited as *Standards).*

Insofar as "serious consequences turn on the correct resolution of the sentencing decision, it is sheer folly to attempt such a decision without more information than is typically provided by the guilt determining process." *See Standards* at 205.

In supporting the policy of informed judicial sentencing, we are guided by a recent Michigan decision which was based on facts similar to the case at bar. In overturning the Court of Appeals' ruling, the Michigan Supreme Court, sitting en banc, concluded that:

> [T]he presentence report should include information concerning juvenile history, including a disposition by a juvenile court, and that it is proper to consider this information as a factor in sentencing an adult offender. *People v. McFarlin,* 41 Mich. App. 116, 199 N.W.2d 684, *rev'd,* 389 Mich. 557, 575, 208 N.W.2d 504 (1973) (hereinafter cited as *McFarlin).*

The court explained that:

>The modern view of sentencing is that the sentence should be tailored to the particular circumstances of the case and the offender in an effort to balance both society's need for protection and its interest in maximizing the offender's rehabilitative potential . . . . A judge needs complete information to set a *proper* individualized sentence.
>
>A defendant's *juvenile court history* may reveal a pattern of lawbreaking and his response to previous rehabilitative efforts. This, together with information concerning underlying social or family difficulties, and a host of other facts are essential to an informed sentencing decision, especially if the offender is a young adult. *McFarlin*, 389 Mich. at 574-75 (emphasis supplied).

We are also in agreement with the *Myers* decision in which the Pennsylvania Supreme Court held that the Pennsylvania statute providing that "the disposition of a child or any evidence given in a juvenile court shall not be admissible as evidence against the child in any case or proceeding in any other court," (Act of June 2, 1933, P. L. 1433, Section 19) does not bar a sentencing judge from considering an adult-defendant's juvenile record.[7]

While the decisions of the highest tribunals in Michigan and Pennsylvania are certainly not controlling, they are illustrative of an enlightened line of judicial thinking "in favor of full disclosure of the defendant's past, including his juvenile record, to the sentencing judge." *McFarlin* at 567.

In our treatment of the issues raised in this appeal, we take cognizance of the fundamental importance of informed judicial sentencing.

In construing HRS § 706-602 (Supp. 1973) to authorize the use of appellant's juvenile record in the presentence report for purposes of sentencing, we are not unmindful of the fact that we have made a double-edged instrument available to the sentencing authority.

---

[7] Commonwealth ex rel. Hendrickson v. Myers, 393 Pa. 224, 144 A.2d 367 (1958).

84

Its indiscriminate use for solely punitive or otherwise improper purposes cannot be tolerated. However, its informed use is to be encouraged for

    . . . [T]he judge cannot simply ignore that phase of appellant's life . . . before he reached age 18 . . . as though it did not exist. . . .

The judge is not required to operate in a vacuum. In sentencing a [youthful adult], the life, characteristics, and background behavior of that person prior to reaching the age of 18 years might be highly relevant. *Berfield v. State*, 458 P.2d 1008, 1011-1012. (Alas. 1969).

We need not reach the remaining issues raised by appellant.

Affirmed.

*Marie Milks* & *John W. K. Chang,* Deputies Public Defender *(Donald K. Tsukiyama,* Public Defender, with them on the briefs), for defendant-appellant.

*Reina A. Grant,* Deputy Prosecuting Attorney *(Barry Chung,* Prosecuting Attorney, with her on the brief), for plaintiff-appellee.