Robert PENN, Appellant,

v.

STATE of Alaska, Appellee.

No. 3873.

Supreme Court of Alaska.

Dec. 29, 1978.

Hugh W. Fleischer, Rice, Hoppner & Hedland, Fleischer & Ingraham, Anchorage, for appellant.

John A. Scukanec, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, Chief Justice, CONNOR, BOOCHEVER, BURKE and MATTHEWS, Justices.

## OPINION

CONNOR, Justice.

This is a sentence appeal from a conviction for assault and battery and robbery. The superior court imposed a sentence of six months for assault and battery, ten

years for robbery, with the two sentences to run concurrently. Five years of the sentence was suspended, with appellant to be on probation, and appellant was to be eligible for parole at the discretion of the Parole Board, after serving at least one third of the period of confinement imposed. Appellant asserts that the superior court improperly relied on his juvenile record in sentencing, that the court relied on unverified information in the presentence report, and that the sentence is excessive.

■ As to the reliance on his juvenile record,[1] Penn argues that Criminal Rule 32(c)(2), which provides for inclusion in presentence reports of any finding of delinquency, is in conflict with the right to privacy[2] and with the provisions of AS 47.10.-080(g), which provides that no adjudication of delinquency shall afterward be deemed a criminal conviction, and that such an adjudication shall not be admissible against the minor in a subsequent case in any court. We have considered appellant's arguments, and we are not convinced that our previous decisions on this question should be altered.

In both *Davenport v. State*, 543 P.2d 1204 (Alaska 1975), and *Berfield v. State*, 458 P.2d 1008 (Alaska 1969), we held that consideration of the juvenile record was proper by the court imposing a sentence upon an adult offender. Courts in other states have held similarly. *State v. Nobriga*, 56 Haw. 75, 527 P.2d 1269, 1271 (1974); *People v. McFarlin*, 389 Mich. 557, 208 N.W.2d 504 (1973). *See also* Anno., 64 A.L.R.3d 1291. Use of the juvenile history of the offender in sentencing proceedings does not amount to the use of those proceedings as evidence against the offender within the proscription of such a statute. *Young v. State*, 553 P.2d 192, 196–97 (Okl.Cr.App.1976). *Davenport v. State, supra* and *Berfield v. State, supra*, are still the law in Alaska.

As to the contention that the superior court impermissibly relied on unverified information in the presentence report, our examination of the record convinces us that this point is without merit.

■ As to the excessiveness of the sentence, our review leads us to the conclusion that, in imposing this sentence, the superior court was not clearly mistaken.[3]

AFFIRMED.

---

1. As a juvenile, Penn committed matricide, and was adjudicated as delinquent, based on that act.

2. Alaska Constitution, Art. I, Sec. 22.

3. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).