STATE OF HAWAII, Plaintiff-Appellee, *v.* LAWRENCE A. IGE, Defendant-Appellant, and LEONOX N. PADAYAO and DAVE E. LEWIS, Defendants, (Cr. No. 42915)

STATE OF HAWAII, Plaintiff-Appellee, *v.* LEONOX N. PADAYAO, Defendant, and LAWRENCE A. IGE, Defendant-Appellant, (Cr. Nos. 43028 and 43113)

NO. 6857

FEBRUARY 12, 1980

RICHARDSON, C.J., OGATA AND MENOR, JJ., AND RETIRED JUSTICE MARUMOTO IN PLACE OF KIDWELL J., ABSENT*

---

*Justice Kobayashi, who heard oral argument in this case, retired from the court on December 29, 1978. HRS § 602-11 (1978 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."

*Per Curiam*. This is an appeal by the defendant, Lawrence A. Ige, from an order of the circuit court granting in part, and denying in part, the defendant's motion for review and determination of sentence under Act 188 of the Session Laws of Hawaii, 1975.

On December 27, 1971, the defendant was sentenced on three separate indictments for robbery in the first degree to 20 years (Cr. No. 42915), 10 years (Cr. No. 43028), and 30 years (Cr. No. 43113), for a total of 60 years to be served consecutively. In 1975, the legislature enacted Act 188 which provides in part:

> Section 2(3). The Court may by order reset the maximum term of sentence in accordance with provisions of the Hawaii Penal Code of 1972 to comply with the category or class of crime as determined by the Court. The Court shall not be obligated to order the resetting of the maximum term of sentence in any individual case. The Court may do so in any such case at its own discretion or upon demonstration of cause by the convicted offender under consideration.

Pursuant to the statute, the defendant moved for a review and adjustment of the sentences originally imposed. He asked the court in effect to reduce his term of imprisonment to a total of 20 years. This request was predicated upon (1) the fact that the maximum penalty for robbery in the first degree under the Hawaii Penal Code is 20 years, HRS §§ 708-840 and 706-660, and (2) the provisions of the Code which require the sentencing court to impose concurrent sentences except in certain well-defined circumstances, HRS § 706-668(1). In ruling upon the motion, the circuit court modified the original sentences only to the extent of reducing the original 30-year sentence in Cr. No. 43113 to 20 years. It, however, retained the consecutive aspects of the original sentences.

The issue on appeal, as posed by the defendant, is "[w]hether, upon amending of sentence pursuant to Act 188, Session Laws of Hawaii, 1975, the lower court erred in fixing [defendant's] maximum term at a period of years in excess of the ordinary term provisions of the Hawaii Penal Code, with-

out first holding an *extended term hearing*[1] pursuant to Act 188, Section 4.'' (Emphasis added)

Section 4 of the Act to which the defendant refers provides as follows:

> (1) Where the Court has determined that extended term under Section 661 or of sentence for offense or murder under Section 606 of the Hawaii Penal Code is applicable, a formal hearing before the original Court with jurisdiction shall be required.

> (2) Such hearings shall be conducted under the Extended Sentencing or Special Sentencing provisions of the Hawaii Penal Code, whichever shall apply. The same jurisdiction for ordering sentencing under these provisions shall apply to the resetting of the maximum term of sentence for "Special Cases" under the provisions of this Act.

The problem with the defendant's argument is that the retention of the consecutive nature of the sentences and the reduction of the sentence in Cr. No. 43113 from 30 years to 20 years to conform to the punishment prescribed by the Hawaii Penal Code, HRS §§ 708-840 and 706-660 did not transform the pending terms into extended terms. In retaining the consecutive aspect of the prison terms, the circuit court was exercising its express authority under Section 2, Subsection 9, of the Act which provides:

> Notwithstanding Section 668[2] of the Hawaii Penal Code, the Court shall, in the case of public offenders presently serving consecutive terms, have discretion as to whether concurrent or consecutive terms are to be applied.

---

[1] HRS § 706-662 allows a court to impose an extended sentence for persistent offenders, professional criminals, dangerous persons, and multiple offenders as defined by the statute. See also HRS § 706-661 providing for extended terms.

HRS § 706-664 expressly provides for a hearing before the imposition of an extended term. See also State v. Huelsman, 60 Haw. 71, 588 P.2d 394 (1978); State v. Kamae, 56 Haw. 628, 548 P.2d 632 (1976).

[2] Section 668 of the Hawaii Penal Code [HRS § 706-668] provides:

(1) Except as provided in subsection (2), when multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is

Section 3 of the Act also provides that "[w]here the Court has determined that ordinary term under Section 660 of the Hawaii Penal Code is applicable, there shall be no automatic right to appear before the Court of jurisdiction for each public offender qualified under this Act, nor shall the Court be required to hold formal hearings before the order resetting maximum sentence. The Court, at its discretion or upon written demonstration of cause by the public offender, may do either or both in its deliberation." Although the standard of review of pre-Hawaii Penal Code sentences under Act 188 incorporated the policy of HRS § 706-662 that extended terms should be imposed only where necessary for the protection of the public, the full hearing requirements under HRS § 706-662 do not apply to adjustments of pre-Hawaii Penal Code sentences under Section 3 of the Act. *State v. Ortez*, 60 Haw. 107, 588 P.2d 898 (1978). In *Ortez*, this court has held that the reviewing circuit court, under Act 188, is under no obligation to afford a hearing on the question of whether a sentence imposed before the enactment of the Hawaii Penal Code should be adjusted. There this court found unpersuasive the defendant's argument that an extended type hearing is mandated where the sentences originally imposed equalled or exceeded the ordinary punishments prescribed by the Hawaii Penal Code.

This court also said in *Ortez*, however, that due process may require that minimum procedural standards be observed. In finding that the procedure employed in that case was equally or more protective than constitutionally required,

---

subject to any undischarged term of imprisonment is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall be served concurrently.

(2) If a person who is imprisoned in a correctional institution is convicted of a crime committed while he is imprisoned or during an escape from imprisonment, the maximum term of imprisonment authorized for the crime committed during imprisonment or during an escape from imprisonment may be added to the portion of the term which remained unserved at the time of the commission of the crime. For purposes of this section, escape is a crime committed during imprisonment.

this court observed that a hearing was afforded the defendant, he was represented by counsel, the information upon which the court proposed to act was disclosed, the defendant did not request and was not foreclosed opportunity to offer additional information or evidence, and there was no request for confrontation or cross-examination of the court's sources of information.

Similarly in this case, the defendant was afforded a hearing on his motion, and he was represented by counsel. The record reflects the basis for the circuit court's denial of the defendant's request for concurrent sentences,[3] and the defendant neither requested nor was he foreclosed from presenting evidence and argument in support of his motion.

Affirmed.

*Lloyd Van Decar,* Deputy Public Defender for defendant-appellant.

*Arthur E. Ross,* Deputy Prosecuting Attorney for plaintiff-appellee.

---

[3] In commenting on the nature of the defendant's criminal conduct, the circuit judge who had also imposed the original sentences said:

THE COURT: They involved robbery being committed wherein either a knife or a handgun was used. And in each instance, a woman was taken from the business establishment which was being robbed, and in at least two instances, the woman who was taken was raped by these people. That is the case that was involved in these three cases.

And while the Court is mindful of the fact that the defendant pleaded to Robbery in the First Degree in each instance, therefore, there is no conviction of rape, nevertheless rape did occur in these incidents. And in imposing sentence, the Court should consider the totality of what had occurred in the commission of the crime in imposing sentence. So that at the time the sentence was imposed, the Court did consider all of those factors, and in considering all of these factors imposed the sentences 10, 20, 30 years all to run consecutively.

It would appear to the Court that the sentence at the time that it was imposed, is and was a proper sentence.