**STATE OF HAWAI'I**, Plaintiff–Appellee, v. **JASON R. DROZDOWSKI**, Defendant–Appellant

NO. 15920

(CR. NO. 91–0121)

JUNE 30, 1993

BURNS, C.J., HEEN, AND WATANABE, JJ.

584

OPINION OF THE COURT BY BURNS, C.J.

Defendant Jason R. Drozdowski (Drozdowski) appeals the circuit court's January 23, 1992 judgment convicting him of Forgery in the Second Degree, Hawai'i Revised Statutes (HRS) § 708–852 (Supp. 1992), a class C felony, and sentencing him to incarceration for five years with a mandatory minimum of one year and eight months with credit for time served. We affirm.

Drozdowski had been charged with two counts of Forgery in the Second Degree. He was represented by a deputy public defender (Public Defender). Pursuant to a plea agreement, Drozdowski pled no contest to Count I, the State dismissed Count II, and the State and the Public Defender were silent at the sentencing hearing.

The Hawai'i Supreme Court has differentiated proceedings for the imposition of extended term sentences under HRS §§ 706–662 (Supp. 1992), 706–664 (Supp. 1992) from proceedings for the imposition of mandatory minimum term sentences under HRS § 706–606.5 (Supp. 1992). *State v. Kamae*, 56 Haw. 628, 548 P.2d 632 (1976) dealt with the former. It held that the extended term sentence hearing was a separate criminal proceeding apart from the trial of the underlying substantive offense; the ordinary rules of evidence apply; and all issues relevant to the determination of whether an extended term should be imposed must be established by the State beyond a reasonable doubt. *State v. Freitas*, 61 Haw. 262, 602 P.2d 914 (1979), dealt with the latter. It held that ordinary sentencing procedures apply to the mandatory minimum sentence hearing.

HRS § 706–606.5, the mandatory minimum sentence statute, states in relevant part as follows:

> (1) Notwithstanding section 706–669 and any other law to the contrary, any person convicted of ... any of the following class C felonies: ... 708–852 relating to forgery in the second degree; ... and who has a prior conviction or prior convictions for ... any felony conviction of another jurisdiction shall be sentenced to a mandatory minimum period of imprisonment without possibility of parole during such period as follows:
>
> (a) One prior felony conviction:
>
> \* \* \*
>
> (iv) Where the instant conviction is for a class C felony offense enumerated above — one year, eight months[.]

Ordinary sentencing procedures involve a pre–sentence diagnosis and report. HRS § 706–601 (1985 & Supp. 1992) states in relevant part as follows:

> **Pre–sentence diagnosis and report.** (1) The court shall order a pre–sentence correctional diagnosis of the defendant and accord due consideration to a written report of the diagnosis before imposing sentence where:
>
> (a) The defendant has been convicted of a felony; or
>
> \* \* \*
>
> (3) With the consent of the court, the requirement of a pre–sentence diagnosis may be waived by agreement of both the defendant and the prosecuting attorney.

Ordinary sentencing procedures involve an opportunity to be heard. HRS § 706–604(1) (Supp. 1992) states: "Before imposing sentence, the court shall afford a fair opportunity to the defendant to be heard on the issue of the defendant's disposition."

In *Freitas*, the Hawai'i Supreme Court imposed the following requirements on proceedings for mandatory minimum sentences:

> We will require nevertheless that before [a mandatory minimum] sentence may be imposed under [HRS § 706–606.5], the defendant must be given reasonable notice of the intended application of [HRS § 706–606.5]; he must be given the opportunity to be heard; the fact of his prior conviction must be established by satisfactory evidence; and he must have been represented by counsel (or have knowingly and intelligently waived representation) at the time of his prior conviction.

61 Haw. at 277, 602 P.2d at 925.

At the initial sentencing hearing on December 19, 1991, the circuit court continued the hearing to inquire into the facts relevant to the mandatory minimum sentence question.

. At the January 23, 1992 hearing, the circuit court was presented with a Presentence Diagnosis and Report (PDAR) prepared by the court's Adult Probation Division's Intake Service Center. The PDAR stated in relevant part as follows:

> 8. COURT/CORRECTIONS HISTORY & ADJUST-MENT
>
> The defendant was convicted in the State of California on February 15, 1990 for the offense of Possession of a Controlled Substance for Sale, and was placed on probation for a period of five years. According to the Santa Cruz Probation Department, the defendant has been in violation of his probation since June, 1990 when he failed to keep in contact with his probation officer. The defendant has also failed to render any payments toward his fine and restitution requirements. According to Probation Officer Dale Hemm, the defendant's conviction is a felony under California's Health and Safety Code.

In the circuit court, Drozdowski asserted and argued both of what are now his points on appeal.

Drozdowski's first point on appeal contends that the circuit court violated his right to due process when it assumed the role of the prosecutor and attempted to establish a record on which to base a minimum mandatory sentence. We conclude that Drozdowski's first point is without merit. The circuit court was mandated by HRS §§ 706–601 and 706–606.5 to do what it did.

It must be remembered

> that a clear distinction exists between the adversary proceeding in court and the sentencing process. During the latter, the presiding judge is no longer dealing with the process of determining factual issues, that is, the guilt or innocence of the defendant, but rather must concern himself [or herself] with "imposing a fair, proper, and just sentence." **Commonwealth ex rel. Hendrickson v. Meyers**, 393 Pa. 224, 228, 144 A.2d 367, *aff'g* 182 Pa. Super. 169, 126 A.2d 485 (1958)[.]

**State v. Nobriga**, 56 Haw. 75, 77, 527 P.2d 1269, 1271 (1974).

That clear distinction is why Rule 1101, Hawai'i Rules of Evidence, Chapter 626, HRS, states in relevant part as follows:

> (d) Rules inapplicable. The rules (other than with respect to privileges) do not apply in the following:
>
> * * *
>
> (3) Miscellaneous proceedings. Proceedings for ... sentencing[.]

Drozdowski's second point on appeal contends that the imposition of a mandatory minimum sentence was unauthorized because the circuit court's finding that he had a prior felony conviction was not supported by sufficient evidence. Drozdowski contends that

> the document admitted into evidence ... does not sufficiently identify DROZDOWSKI, nor indicate that

DROZDOWSKI was represented by counsel on the prior offense. The document is not a certified judgment and is not signed by a judge. Instead, the document is only a certified *copy* of *Court Minutes*.

We conclude that Drozdowski's second point is without merit. HRS § 706–666(2) (1985) authorizes that, for purposes of HRS §§ 706–606.5, 706–662, and 706–665, a "[p]rior conviction may be proved by any evidence, . . . , that reasonably satisfies the court that the defendant was convicted." *Kamae* may have repealed HRS § 706–666(2)'s reference to HRS §§ 706–662 and 706–665 dealing with proceedings seeking extended term sentences. *Freitas* is authority that HRS § 706–666(2)'s reference to HRS § 706–606.5 dealing with proceedings seeking mandatory minimum term sentences applies as written. Drozdowski's is a proceeding seeking a mandatory minimum term sentence.

Based on the record, we conclude that the evidence reasonably satisfied the court. The Fifth Circuit's senior probation officer testified that Drozdowski told him that Drozdowski had a prior conviction in California for a "misdemeanor" drug offense. The probation officer further testified that he utilized the National Crime Information System communication network and provided the Santa Cruz Probation Department with the following information: Drozdowski's full name, FBI number, California number, height, weight, birth date, and social security number. In response, he received a copy of a document titled "CRIMINAL MINUTES – SENTENCE" that was certified by the Deputy Clerk of the Superior Court of California, County of Santa Cruz on December 6, 1990. That document, in evidence, notes that on February 21, 1990 Jason Robert Drozdowski was represented by counsel named "S. Wright" and, for violating § "2:11378 H&S [Health and Safety Code], felony[,]" was sentenced, *inter alia*, to 180 days in the county jail (with credit for time served) and five years' probation during which he was required to totally abstain from the use of

590

intoxicants/drugs and to submit to testing for the use of controlled substances.

Accordingly, we affirm the circuit court's January 23, 1992 judgment convicting defendant Jason R. Drozdowski of Forgery in the Second Degree, HRS § 708–852, and sentencing him to incarceration for five years with a mandatory minimum of one year and eight months with credit for time served.

*Dale K. Mattice*, Deputy Public Defender, on the brief for defendant–appellant.

*Stuart S. Spring*, Deputy Prosecuting Attorney, County of Kaua‘i, on the brief for plaintiff–appellee.