**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000210
06-AUG-2025
08:03 AM
Dkt. 57 SO**

NO. CAAP-23-0000210

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
AARON JONES, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-22-0000797(1))

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Hiraoka and McCullen, JJ.)

Defendant-Appellant Aaron **Jones** was charged in
District Court of the Second Circuit with operating a vehicle
after person's license has been revoked or suspended for
operating a vehicle under the influence of an intoxicant, in
violation of Hawaiʻi Revised Statute (**HRS**) § 291E-62 (2020 &
Supp. 2021). Jones demanded a jury trial. He appeals from the
Circuit Court of the Second Circuit's March 10, 2023 order

denying his motion to dismiss.[1]  In this interlocutory appeal, Jones contends the circuit court (1) lacked jurisdiction and (2) erred in determining the complaint need not include whether he was represented by counsel or waived his right to counsel in proceedings related to his prior convictions.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below, and affirm.

**(1)**  Jones contends the circuit court lacked jurisdiction over this case because Plaintiff-Appellee State of Hawaiʻi (**State**) failed to file another complaint in circuit court after he demanded a jury trial in district court.

The Hawaiʻi Supreme Court addressed this issue in State v. Bautista, holding "[n]o rule requires the State to file a second complaint in circuit court" and "[t]here is no basis in Hawaiʻi law to conclude that the circuit court lacked subject matter jurisdiction."  State v. Bautista, 153 Hawaiʻi 284, 290, 535 P.3d 1029, 1035 (2023).  Based on the supreme court's holding in Bautista, Jones' jurisdictional challenge lacks support.  See 153 Hawaiʻi at 290, 535 P.3d at 1035.

---

[1]  The Honorable Kirstin M. Hamman presided.

**(2)** Jones also contends the circuit court erred in determining the complaint sufficiently alleged the charged offense. Jones argues the complaint was defective because "[t]he failure to plead essential facts about whether [he] was represented by counsel at the time of his prior conviction is a failure to plead an element" of HRS § 291E-62.

HRS § 291E-62 prohibits operating a vehicle after a person's license has been revoked or suspended for operating a vehicle under the influence of an intoxicant. As relevant to this appeal, HRS § 291E-62(c)(3) provides for certain penalties if there are two or more convictions under this section within five years of the current offense:

> (c) Any person convicted of violating this section shall be sentenced as follows without possibility of probation or suspension of sentence:
>
> . . . .
>
> (3) For an offense that occurs within five years of two or more prior convictions for offenses under this section . . . :
>
> > (A) One year imprisonment;
> >
> > (B) A $2,000 fine, to be deposited into the state drug and alcohol toxicology testing laboratory special fund;
> >
> > (C) Permanent revocation of the person's license and privilege to operate a vehicle; and
> >
> > (D) Loss of the privilege to operate a vehicle equipped with an ignition interlock device, if applicable.

HRS § 291E-62(c)(3) (formatting altered and emphasis added).

3

The two or more prior convictions "are attendant circumstances and an essential offense element that must be alleged in the charging instrument in order to impose the enhanced penalties for repeat offenders under HRS § 291E-62." State v. Bryan, 124 Hawaiʻi 404, 414, 245 P.3d 477, 487 (App. 2010).

The charging instrument in this case included the language of two or more prior convictions as required:

> That on or about the 29th day of April, 2022, in the Division of Wailuku, County of Maui, State of Hawaii, AARON JONES, having been convicted two or more times within a five-year period of the instant offense for Operating a Vehicle After License and Privilege Have Been Suspended or Revoked For Operating a Vehicle Under the Influence of an Intoxicant (Hawaii Revised Statute Section 291E-62), whose license and privilege to operate a vehicle had been revoked, suspended or otherwise restricted pursuant to Section 291E-62 or Part III of Chapter 291E or Section 291E-61 or 291E-61.5 or Part VII or XIV of Chapter 286 or Section 200-81, 291-4, 291-4.4, 291-4.5 or 291-7 of the Hawaii Revised Statutes, did intentionally, knowingly or recklessly operate and/or assume actual physical control of a vehicle on a public way, street, road or highway, while his license or privilege to operate a vehicle remains suspended or revoked, thereby committing the offense of Operating a Vehicle After License and Privilege Have Been Suspended or Revoked For Operating a Vehicle Under the Influence of an Intoxicant in violation of Section 291E-62(a)(2) and subject to Section 291E-62(c)(3) of the Hawaii Revised Statutes.

Jones asserts the State was also required to allege in the charging instrument that he was represented by counsel or waived his right to counsel when he was previously convicted. Jones relies in part on State v. Kamae, 56 Haw. 628, 638, 548 P.2d 632, 639 (1976).

4

In Kamae, the supreme court examined whether a presentence report was admissible evidence to prove Kamae's prior convictions. 56 Haw. at 636, 638, 548 P.2d at 637, 639. The supreme court determined even if the presentence report was admissible evidence, the record was "glaringly deficient as it does not show that appellant was represented by counsel during any of the alleged prior offenses of which he was convicted, or that he intelligently and voluntarily waived his constitutional right to counsel." Id. at 638, 548 P.2d at 639. The supreme court, however, did not hold that representation by counsel must be alleged in the charging instrument. See id.

"[T]he sufficiency of the charging instrument is measured, *inter alia*, by whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he or she must be prepared to meet." State v. Wheeler, 121 Hawaiʻi 383, 391, 219 P.3d 1170, 1178 (2009) (brackets, internal quotation marks and citation omitted). The essential elements of an offense are "(1) conduct, (2) attendant circumstances, (3) results of the conduct, as: (a) Are specified by the definition of the offense, and (b) Negative a defense[.]" HRS § 702-205 (2014) (formatting altered).

Additionally, Hawaiʻi Rules of Penal Procedure Rule 7(d) provides that "[t]he charge shall be a plain, concise and definite statement of the essential facts constituting the

5

offense charged."  And relatedly, HRS § 701-114 (2014)

delineates facts that must be proved beyond a reasonable doubt:

>          (1) Except as otherwise provided in section 701-115, no
> person may be convicted of an offense unless the following
> are proved beyond a reasonable doubt:
>
>>          (a) Each element of the offense;
>>
>>          (b) The state of mind required to establish each
>>           element of the offense;
>>
>>          (c) Facts establishing jurisdiction;
>>
>>          (d) Facts establishing venue; and
>>
>>          (e) Facts establishing that the offense was committed
>>           within the time period specified in section 701-
>>           108.
>
>          (2) In the absence of the proof required by subsection
> (1), the innocence of the defendant is presumed.

HRS § 701-114 (formatting altered).[2]

For determining the sufficiency of the complaint here,

whether Jones was represented by counsel or waived his right to

counsel as related to his prior convictions is not an enumerated

element of HRS § 291E-62, is not a state of mind, and is not a

fact establishing jurisdiction, venue, or timeliness.  See

generally HRS §§ 291E-62, 701-114, 702-205.  Thus, the circuit

court did not err in determining the complaint need not include

whether Jones was represented by counsel or waived his right to

counsel as related to his prior convictions.

---

[2]  HRS § 701-108 (2014, Supp. 2021) relates to time limitations, while HRS § 701-115 (2014) relates to defenses.

Based on the foregoing, we affirm the circuit court's March 10, 2023 order denying Jones' motion to dismiss and remand this case to the circuit court for further proceedings.

DATED:  Honolulu, Hawaiʻi, August 6, 2025.

On the briefs:

Benjamin E. Lowenthal,
for Defendant-Appellant.

Chad Kumagai,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge